**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JERRY G. HARRIS**                                                                    **PLAINTIFF**

v.                                              NO. 4:09CV00697 BD

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration**                                                     **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jerry G. Harris, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs, and the case is ready for decision.[1]

**I.     Procedural Background:**

In his latest application, Plaintiff alleged that he was limited in his ability to work by problems with his back, shoulders, neck, right arm, legs and hips.[2] (Tr. 442) After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through October 1, 2008, the date of his decision. (Tr. 398) On June 29, 2009, the Appeals Council declined jurisdiction, making the ALJ's decision the final decision of the

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #4)

[2] In an earlier application, he alleged problems with his back, shoulders, neck, right arm, a herniated disk in the cervical area and lumbar area, pain in his neck, behind the right shoulder blade, both shoulders, low back, down his left leg and headaches. (Tr. 86-87) He appealed an adverse administrative decision to this Court, which reversed and remanded because of inadequate credibility analysis. *Harris v. Astrue*, 4:07CV00064 HLJ (Judgment, Mar. 27, 2008)(Tr. 416-20).

Commissioner.  (Tr. 375-77)  Plaintiff then filed his complaint initiating this appeal. (Docket #2)

**II.     Standard of Review:**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); see also 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004)("Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the decision").

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

III.  **ALJ's Decision:**

Plaintiff was 45 years old at the time of the latest hearing. (Tr. 349) He is a high school graduate. (Tr. 349, 450) He also completed a five-week merchant marine course.[3] (Tr. 349) He has past relevant work as an engineer for an offshore supply vessel, offshore oilfield worker and industrial construction worker. (Tr. 14, 350-54, 443)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing past relevant work. If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the ALJ proceeds to Step 5, which requires a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v) . If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 394) He found that Plaintiff had "severe" impairments, anemia, hypertension and a back disorder. *Id*. He found Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing. *Id*. He judged Plaintiff's

---

[3] In his first opinion, the ALJ stated Plaintiff had also completed "numerous courses" at Louisiana Technical College. (Tr. 14) The Court cannot find support in the record for that statement.

allegations regarding the intensity, persistence and limiting effects of his symptoms were not credible.  (Tr. 395)

The ALJ found that Plaintiff retained the residual functional capacity for less than a full range of light work.  (Tr. 394, 397)  He determined Plaintiff was unable to perform his past relevant work.  (Tr. 396)  Based on evidence from a vocational expert witness, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, charge account clerk/account interviewer, surveillance system monitor and paramutual ticket checker.  (Tr. 397, 544)  Thus, the ALJ concluded Plaintiff was not disabled.  (Tr. 397)

**IV.    Discussion:**

The Court is concerned about the completeness of the record.  For instance, there is an on-the-record discussion of "Exhibit, 32F."  (Tr. 685)  However, there is no Exhibit 32F in the record.  That same exhibit is cited in the ALJ's decision.  (Tr. 396)  Similarly, the ALJ cites in his opinion to Exhibits 28F and 36F, although there are no Exhibits 28F or 36F in the record.  *Id.*

At the last hearing, the ALJ mentioned that he had held a hearing on January 10, 2008.  (Tr. 669)  There is also in the record a Notice of Hearing setting the January 10, 2008, hearing.  (Tr. 404-07)  The ALJ told Plaintiff's attorney he had notes from that hearing, so she could update the record as needed.  (Tr. 672)  He wanted to review his notes from January a little more thoroughly.  (Tr. 690)  However, the transcript of that hearing is not a part of the record.  Therefore, there is evidence upon which the ALJ appears to have relied that is not a part of the record.

During the first hearing, the ALJ stated that Plaintiff's date last insured was December 31, 2008.  (Tr. 342)  At the last hearing, he stated it was December 31, 2009.  (Tr. 392)  While this is not a reversible error in and of itself, such discrepancies tend to

4

undermine the ALJ's conclusion.  See *Baumgarten v. Chater*, 75 F.3d 366, 368-69 (8th Cir. 1996)(several inconsistencies relied upon by ALJ not supported by record).

### V.   **Conclusion:**

After consideration of the record as a whole, the Court finds that the decision of the Commissioner in this case is not supported by substantial evidence.  Therefore, the ruling of the Commissioner must be reversed and the matter remanded for a reevaluation of Plaintiff's claim.

Accordingly, the Commissioner's decision is reversed and remanded for action consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 26th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE